OPINION
{¶ 1} Appellant Duane Lovelace appeals his conviction for evidence tampering in the Stark County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 13, 2002, Canton Police Detective Mongold was patrolling the area of Twelfth Street N.W. and Jones Court N.W. in an unmarked cruiser, as part of a vice unit. The neighborhood is recognized by police officers as a high crime and drug activity area. Mongold, who knew appellant and recognized him sitting in another vehicle, decided to maintain surveillance of the immediate area. He called for backup, to which Detectives Stanbro and Shaffer responded in separate unmarked cruisers. The latter two detectives were each wearing a blue T-shirt with the words "CANTON POLICE VICE" displayed, and each wore his police badge on a necklace chain. Stanbro also wore his "duty belt," consisting of his pistol, ammo magazines, flashlight, and handcuffs. Mongold was in plain clothes, but also wore his police badge around his neck.
 {¶ 3} Stanbro pulled up his vehicle towards appellant's, as did Mongold. Stanbro exited his vehicle. Appellant looked at both officers and ran from his car. Stanbro and Mongold gave chase, yelling that they were police officers and ordering appellant to stop. Shaffer also joined in the chase, yelling to appellant in similar fashion. Appellant went around a house; as the officers came around the corner they observed him throwing items from his pockets. The officers managed to apprehend and handcuff appellant. The officers retrieved the discarded items, which consisted of a cell phone, a compact disc, and four packets of what was later identified as heroin.
 {¶ 4} On March 22, 2002, appellant was indicted on one count of heroin possession and one count of tampering with evidence. Appellant pled not guilty, but chose to waive his right to a jury trial. The case proceeded to a trial to the court on July 10, 2002. Appellant moved for acquittal at the close of the state's case, which the trial court denied. Upon conclusion of the trial, appellant was found guilty on both counts, and ultimately sentenced to eleven months incarceration for heroin possession and three years for tampering with evidence, to be served concurrently.
 {¶ 5} Appellant timely appealed, and herein raises the following two Assignments of Error:
 {¶ 6} "I. The verdict of the trial court convicting appellant Lovelace of tampering with evidence was not supported by sufficient evidence where the testimony at trial failed to show that appellant Lovelace knew that he was being investigated by the police, or that his actions were for the purpose of impairing the availability of evidence.
 {¶ 7} "II. The verdict of the trial court convicting appellant Lovelace of tampering with evidence was against the manifest weight of the evidence."
 I. {¶ 8} In his First Assignment of Error, appellant argues that his conviction for evidence tampering is not supported by sufficient evidence. We disagree.
 {¶ 9} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. R.C. 2921.12(A)(1) states that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
 {¶ 10} Appellant first contends, in light of the components of2921.12(A)(1), the evidence fails to support a finding that he knew of the existence of a proceeding or investigation when he discarded the heroin packets. Recently, in State v. Stewart (April 5, 2002), Stark App. No. 2001CA00033, we analyzed a challenge to a tampering with evidence conviction in connection with a murder charge. In that case, evidence was presented that an individual at the scene witnessed the defendant jump into her car, telling her the victim was dead and the police were coming. Id. Additionally, in a statement to the police, the defendant admitted he had disposed of the murder weapon, a knife, by throwing it into a sewer, and had removed his shirt and thrown it away. Id. We held the evidence demonstrated the crime of tampering with evidence when viewed in a light most favorable to the state. Id. In the case sub judice, the three vice detectives all testified they yelled out their identification as police officers, and furthermore visibly wore their badges. Stanbro in particular also wore what might be described as "takedown" garb, but which carried police markings and was accompanied by a traditional police utility belt. Additionally, Mongold even agreed that based on his familiarity with appellant, appellant would indeed recognize an unmarked police officer. Tr. at 45. Viewed in a light most favorable to the state, we are persuaded the evidence at issue is sufficient such that a reasonable finder of fact could conclude appellant was fully aware of the police street investigation into his activities at the time he tossed away the heroin.
 {¶ 11} Appellant secondly contends the evidence fails to support a finding that he acted with purpose to impair the value or availability of the evidence when he discarded the heroin packets. The Jenks case, supra, which is frequently cited for its "sufficiency of the evidence" standard of review, coincidentally also stemmed from a conviction for evidence tampering. The Ohio Supreme Court therein noted that the two defendants had admitted knowledge of an official investigation into a fatal electrocution at an RTA bus stop, and had both admitted to throwing away relevant RTA documents and files. The Court then noted: "While the state's evidence that they committed these acts for the purpose of impairing the availability or value of these documents as evidence in the investigation was circumstantial, it was nevertheless sufficient to support the jury's finding of guilt." Id. at 279, 574 N.E.2d 492
(emphasis deleted). Likewise, although appellant now suggests he was merely seeking to elude a perceived robbery[1], we find upon review of the record that sufficient evidence supports the conclusion that appellant was indeed seeking to impair the availability of the heroin packets by discarding them during the police chase, thus committing the crime of tampering with the drug evidence.
 {¶ 12} Appellant's First Assignment of Error is overruled.
 II. {¶ 13} In his Second Assignment of Error, appellant argues that the conviction for evidence tampering is against the manifest weight of the evidence. We disagree.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins
(1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 15} In support of his position, appellant again relies to a great extent on statements he made during sentencing, which were not before the court when assessing the evidence to determine guilt. In order to bolster his proposition that the officers would have been less recognizable, appellant's brief also presumes that these events, commencing on an evening in mid-March at about 6:20 PM, occurred after dark, yet this is not established in the record. Appellant furthermore asserts the officers were biased, and that a more reasonable explanation is that appellant was abandoning his possessions in an effort to flee from unknown pursuers. Nonetheless, our review of the full record reveals no merit in appellant's contention that the judge's decision to convict led to a manifest miscarriage of justice.
 {¶ 16} Appellant's Second Assignment of Error is overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.
topic: Tampering with Evidence.
[1] Appellant utilizes his statements made during sentencing to support this claim; obviously, this was not evidence presented to the court during the trial phase.